# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

KEVIN PRATT and
MARLESIA PRATT,

        Plaintiffs,

v.                                    Case 2:24-cv-02484-SHL-cgc

SOUTH CENTRAL RECOVERY, LLC,
AARON SCOTT SMITH,
M & M TOWING AND RECOVERY, LLC,
MICKIE WINN,

        Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE CLERK'S DEFAULT

## ORDER DENYING PLAINTIFFS' MOTION TO STRIKE ANSWER

## REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND DEFENDANTS' MOTION TO DISMISS

Before the Court are the following motions: (1) Plaintiffs' Motion to Strike Answer (Docket Entry ("D.E.") #15); (2) Defendants South Central Recovery, LLC ("South Central"), Aaron Scott Smith ("Smith"),[1] M&M Towing and Recovery, LLC ("M&M Towing"), and Micki Winn's ("Winn") Motion to Dismiss (D.E. #18); (3) Defendants' Motion to Set Aside Clerk's Default (D.E. #22); and, (4) Plaintiffs' Motion for Leave to Amend Complaint (D.E. #25).

Pursuant to Administrative Order 2013-05, the instant motions have been referred to the United States Magistrate Judge for determination or Report and Recommendation, as appropriate.

---

[1] Defendants state that "Aaron Scott Smith" is improperly named and that his correct name is "Anthony Scott Smith." As discussed, *infra*, Plaintiffs' Request for Leave to Amend Complaint alludes to this but has not specifically moved to correct it. Accordingly, for purposes of clarity, the Court continues to refer to this Defendant as he is listed on the docket.

For the reasons set forth herein, Defendants' Motion to Set Aside Clerk's Default is GRANTED, and Plaintiffs' Motion to Strike Answer is DENIED.  It is RECOMMENDED that Plaintiffs' Request for Leave to Amend Complaint be DENIED and that South Central and Smith's Motion to Dismiss be GRANTED.

## I.     Background

### a.    *Plaintiffs' Complaint*

This case arises from the repossession of Plaintiffs' vehicle.  (Compl., D.E. #1, at Page ID 2, ¶¶ 1-2).  On July 8, 2024, Plaintiffs filed their Complaint alleging that South Central was the "illegal debt collector" that seized their vehicle and that the vehicle was "delivered to the property of M&M Towing."  (*Id*. at PageID 2, ¶¶ 2-3).  Plaintiffs allege that both South Central and M&M Towing are unlicensed debt collectors, (*Id*. at Page 2, ¶¶ 4, 6, 8-10 & PageID 3, ¶ 15), and that Smith and Winn are the principals of these agencies, (*Id*. at PageID 2, ¶¶ 5, 7).

Plaintiffs allege that South Central shared their "personal private information" about their alleged debt with M&M Towing without their permission.  (*Id*. at PageID 4, ¶ 16, PageID 9, ¶ 56).  They also allege that Smith and Winn "knowingly and willfully obtained information on the consumers from a consumer reporting agency under false pretenses" and provided information about their alleged debt to unauthorized individuals at M&M Towing.  (*Id*. at PageID 4, ¶¶ 23-24, PageID 8-9, ¶¶ 55-57).

As causes of action, Plaintiffs allege that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*., ("FCRA"), and the Fourth and Fifth Amendments to the United States Constitution.  As to the FDCPA, Plaintiffs specifically allege that Defendants violated 15 United States Code

Sections 1692c, 1692d, 1692e, and 1692f. (*Id.* at PageID 6-8, ¶¶ 38-50, PageID 9, 64). As to the FCRA, Plaintiffs allege the 15 United States Code Sections 1681q and 1681r. (*Id.* at PageID 7, ¶ 48 & PageID 10, ¶ 70).

### b. *Clerk's Entry of Default*

On October 30, 2024, Plaintiffs filed a Request for Entry of Default against South Central and a Request for Entry of Default against Smith pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for failure to plead or otherwise defend the Complaint. (D.E. #9, 10). On that same day, the Clerk of Court entered defaults against South Central and Smith. (D.E. #12, #13).

### c. *Plantiffs' Motion to Strike Answer & Response*

On December 13, 2024, Plaintiffs filed a Motion to Strike Answer. (D.E. #15). Plaintiffs seek for this Court to strike South Central and Smith's Answer, which was filed on November 20, 2024, because it was filed after the Clerk's default was entered. On January 27, 2025, South Central and Smith filed their Response to the Motion to Strike Answer. (D.E. #20, #21).

### d. *Defendants' Motion to Dismiss*

On January 20, 2025, Defendants filed their Motion to Dismiss pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. #18, #19). Defendants assert that Plaintiffs' Complaint against them should be dismissed for the following reasons: venue is improper in the Western District of Tennessee; Plaintiffs have failed to state claims upon which relief may be granted under the FDCPA and FCRA; and, the Fourth and Fifth Amendments to the United States Constitution applies to state actors, which Defendants are not.

### e. *South Central & Smith's Motion to Set Aside Clerk's Default*

On January 31, 2025, South Central and Smith filed their Motion to Set Aside Clerk's Default. (D.E. #22, #23). They argue that Rule 55(c) allows the Court to set aside entry of default

for good cause shown and that good cause exists here because Plaintiffs will not be prejudiced at this early stage of the case, Defendants have a meritorious defense to Plaintiffs' claims, and Defendants' failure to plead or otherwise defendant the Complaint was due to "incorrect names," "questions on service of process," and an investigation into "whether insurance would provide coverage" rather than an attempt to thwart judicial proceedings.

Local Rule 7.2(a)(2) permitted Plaintiffs fourteen days from the date they were served with the motion to file a response; however, to date, Plaintiffs have not done so.

### f. *Order to Show Cause*

On March 5, 2025, the Court issued an Order to Show Cause directing Plaintiffs to respond to Defendants' Motion to Dismiss within fourteen days of the entry of the Order. (D.E. #24). Plaintiffs were directed to address "why the Court should not consider the Motion on the record before it and file a Report and Recommendation recommending that the District Court enter an Order granting the Motion." Plaintiffs were also warned that "**FAILURE TO RESPOND TO THIS ORDER WILL RESULT IN A RECOMMENDATION FOR DISMISSAL OF THIS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**." To date, Plaintiffs have not responded to Defendants' Motion to Dismiss or the Court's Order to Show Cause.

### g. *Plaintiffs' Request for Leave to Amend Complaint*

On March 19, 2025, Plaintiffs filed a Request for Leave to Amend Complaint, which this Court will construe as a motion. (D.E. #25). First, Plaintiffs state that they would like to correct the incorrect spelling of a Defendant's name, which presumably would be Aaron Scott Smith as this is the Defendant who has stated that his name is spelled incorrectly; however, Plaintiffs continue to refer to this Defendant as Aaron Scott Smith in the Motion for Leave to Amend Complaint and do not specifically request to correct it. Second, Plaintiffs state that they would

4

like to add "new information" to their Complaint; however, this information is not specified. Finally, Plaintiffs request to add a new defendant, but again, they do not name who they would like to add.

### h.    South Central & Smith's Response in Opposition to Plaintiffs' Request to Amend Complaint

On March 21, 2025, South Central and Smith filed their Response in Opposition to Plaintiffs' Request to Amend Complaint. (D.E. #25, #26). They assert that Plaintiffs' motion is procedurally defective, legally insufficient, and prejudicial to Defendants.

### II.    Proposed Analysis and Conclusions of Law

### a.    South Central and Smith's Motion to Set Aside Clerk's Default

Local Rule 7.2(a)(2) permitted Plaintiffs fourteen days to file a response to this motion, which Plaintiffs failed to do. Local Rule 7.2(a)(2) further provides that failure to respond may be deemed good cause for granting a motion. Thus, Plaintiffs' failure to respond to South Central and Smith's Motion to Set Aside Clerk's Default is sufficient grounds alone to set aside the Clerk's entry of default here.

Additionally, Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court "may set aside entry of default for good cause." The Sixth Circuit has held that three factors should be considered in determining whether a default should be set aside: (1) whether the plaintiffs will be prejudiced; (2) whether the defendant has a meritorious defense; and, (3) whether culpable conduct of the defendant led to the default. *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983) (quoting *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)). Upon review, the Court finds that these factors weigh in favor of setting aside the default, particularly as this case is in its earlier stages and Plaintiffs have failed to respond to articulate any

opposition thereto. Accordingly, South Central and Smith's Motion to Set Aside Clerk's Default is hereby GRANTED.

### b. *Plaintiffs' Motion to Strike South Central & Smith's Answer*

Plaintiffs' Motion to Strike South Central and Smith's Answer is based solely upon the Clerk's entry of default, which this Court has set aside. Accordingly, as there is no other basis for the relief Plaintiffs request, Plaintiffs' Motion to Strike South Central and Smith's Answer is DENIED.

### c. *Request for Leave to Amend Complaint*

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(1) provides for amendments as a matter of right within twenty-one days of serving the pleading or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Here, the Complaint was served on July 8, 2024. M&M Towing and Winn answered the Complaint on October 25, 2024, and South Central and Smith answered the Complaint on November 20, 2024. Thus, Plaintiffs request on March 19, 2025 to amend their Complaint cannot be granted as a matter of right.

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs all other requests to amend and states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." Here, the opposing parties have not consented to the amendment, so the Court would be required to grant leave. Local Rule 15.1(a) requires that a motion for leave to amend include as an attachment a signed amended or supplemented pleading. Plaintiffs have failed to do so here. Although this alone is fatal to Plaintiffs' request for leave, Plaintiffs' motion fails to specify what amendments they wish to add.

Accordingly, it is RECOMMENDED that Plaintiffs' Request for Leave to Amend Complaint be DENIED.

### d. *Defendants' Motion to Dismiss*

#### i. *Rule 12(b)(3)*

Rule 12(b)(3) permits a defendant to move to dismiss or transfer a lawsuit based upon improper venue.  The propriety of venue is governed by 28 United States Code Section 1391, which provides that, where subject matter jurisdiction is not based solely upon diversity of citizenship, venue is proper in one of three districts: (1) the judicial district where any defendant resides, if all defendants reside in the same state; (2) the judicial district where a substantial part of the events or omissions giving rise to the claim occurred; or, (3) the judicial district where any defendant may be found, if there is no other district in which the action may be brought.  28 U.S.C. § 1391(b); *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998).  If venue is not proper, it must be dismissed or transferred under 28 United States Code Section 1406(a).

When venue is challenged, the plaintiffs bear the burden of establishing that it is proper. *See, e.g. SeeGone to the Beach, LLC v. Choicepoint Servs., Inc.*, 434 F. Supp. 2d 534, 536-37 (W.D. Tenn. 2006).  In failing to respond to the Motion to Dismiss, Plaintiffs have raised no argument regarding the venue.  Thus, the Court must simply review the Complaint and draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiffs.  *Id*.

Here, Plaintiffs' Complaint alleges that they reside in the Western District of Tennessee and that South Central and M&M Towing have principal offices in Mississippi.  It does not allege where Smith or Winn reside.  It also does not allege where their vehicle was located when it was repossessed or the location to which it was towed.  Based upon these allegations, the Court cannot

determine from the face of the Complaint that venue is proper in this District.  Accordingly, it is

RECOMMENDED that Plaintiffs' Complaint should be dismissed for improper venue.


### ii.  Rule 12(b)(6)

Even if venue were proper in this Court, Plaintiffs have failed to state any claim upon which

relief may be granted.  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim

may be dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P.

12(b)(6).  In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the

complaint in the light most favorable to plaintiffs and accept all well-pled factual allegations as

true.  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

Plaintiffs can support a claim "by showing any set of facts consistent with the allegations in the

complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).  This standard requires

more than bare assertions of legal conclusions.  *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d

356, 361 (6th Cir. 2001).  "[A] formulaic recitation of the elements of a cause of action will not

do."  *Twombly*, 550 U.S. at 555.  Any claim for relief must contain "a short and plain statement of

the claim showing that the pleader is entitled to relief."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(quoting Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only 'give

the defendant fair notice of what the . . . .claim is and the grounds upon which it rests."  *Id.* (citing

*Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is

plausible on its face'" to survive a motion to dismiss.  *Twombly*, 550 U.S. at 570.  "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550

8

U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Plaintiffs with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### a. FDCPA

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To be considered a "debt collector" such that liability under the FDCPA may attach, the business must have the "principal purpose" of

collecting debts or must "regularly collect or attempt[] to collect, directly or indirectly, debts owed

or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6).

Plaintiffs conclusorily allege that South Central and M&M Towing are debt collectors;

however, the factual statements in their Complaint allege that they are in the businesses of towing

and repossession. Plaintiffs' Complaint does not contain any factual allegations that M&M

Towing in fact has a principal purpose of collecting debts. Further, repossession agencies, while

in the business of repossessing property on which a debt to a third party is owed, explicitly do not

fall under the definition of "debt collector" under the FDCPA except for purposes of Section

1692f(6). *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003). Thus, Plaintiffs'

Complaint fails to state a claim under all provisions of the FDCPA with the exception of Section

1692f, which requires a brief additional analysis.

Section 1692f(6)(A) provides as follows:

A debt collector may not use unfair or unconscionable means to collect or attempt
to collect any debt. Without limiting the general application of the foregoing, the
following conduct is a violation of this section:

. . .

(6) Taking or threatening to take any nonjudicial action to effect dispossession or
disablement of property if—

(A) there is no present right to possession of the property claimed as collateral
through an enforceable security interest.

15 U.S.C. § 1692f(6)(A). Here, Plaintiffs' Complaint does not allege at any point that the

repossessing entity had no present right to possession of the property. Instead, it focuses its

allegations on the difficulties that Plaintiffs had in retrieving the property after it had been

repossessed. Absent such an allegation that the repossessor had no legal right to repossess their

vehicle, Plaintiffs Complaint fails to state a claim for relief under Section 1692f.  Accordingly, it is RECOMMENDED that Plaintiffs' Complaint fails to state any claims under the FDCPA.

### b.  FCRA

The FCRA was enacted to require consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit in a manner that is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  15 U.S.C. § 1681(b).  The FCRA does not prohibit sharing consumer credit information for all purposes, but only requires that it be shared under certain enumerated circumstances.  One such permissible circumstance is that a consumer reporting agency may furnish a consumer report to a person who "intends to use the information in connection with the credit transaction involving the customer . . . and involving the extension of credit to, or review or collection of an account of, the consumer."  15 U.S.C. § 1681b(a)(3)(A).

Plaintiffs allege that Defendants violated Sections 1681q and 1681r of the FCRA.  Section 1681q provides as follows:

> Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under Title 18, imprisoned for not more than two years, or both.

15 U.S.C. 1681q.

> Section 1681r provides as follows:

> Any officer or employee of a consumer reporting agency who knowingly and willfully provides information concerning an individual from the agency's files to a person not authorized to receive that information shall be fined under Title 18, imprisoned for not more than 2 years, or both.

15 U.S.C. 1681r.

Plaintiffs' Complaint only conclusorily alleges that Smith and Winn, as principals of South Central and M&M Towing, were not authorized to obtain information regarding their debt on the vehicle and that they obtained this information under false pretenses. Plaintiffs do not allege that their vehicle was not lawfully subject to repossession, including the sharing of information that repossessions necessarily require. As stated above, Plaintiffs' Complaint is largely focused on Plaintiffs' difficulties attempting to retrieve their vehicle from the M&M Towing lot and omits any discussion of whether the repossessor had a lawful right to take possession of it in the first place. Accordingly, it is RECOMMENDED that Plaintiffs have failed to state a claim upon which relief may be granted under the FDCPA.

### c. *Fourth and Fifth Amendments*

Finally, Plaintiffs allege that Defendants violated their Fourth and Fifth Amendment rights. To sue for an alleged violation of constitutional rights, Plaintiffs must rely upon 42 United States Code Section 1983, which is the exclusive remedy for an alleged constitutional violation.

To successfully plead a Section 1983 claim, plaintiffs must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs*, 316 F.3d at 590 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

The Sixth Circuit recognizes three tests for determining whether private conduct is fairly attributable to the state: (1) the public function test, which requires that the private entity exercise powers which are traditionally reserved for the state; (2) the state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or

covertly, to take a particular action so that the choice is really that of the state; and, (3) the nexus test, which requires a sufficiently close relationship, such as through state regulation or contract, between the state and the private actor so that the action may be attributed to the state. *Tahfs*, 316 F.3d at 591 (quoting *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)).

Here, Plaintiffs have sued private companies and their principals, which are not state actors. They also have not alleged any basis for the purely private act of repossessing Plaintiffs' vehicle is fairly attributable to the state. Accordingly, it is RECOMMENDED that Plaintiffs have failed to state a Section 1983 claim upon which relief may be granted.

### III.    Conclusion

For the reasons set forth herein, Defendants' Motion to Set Aside Clerk's Default is GRANTED, and Plaintiffs' Motion to Strike Answer is DENIED. It is RECOMMENDED that Plaintiffs' Request for Leave to Amend Complaint be DENIED and that South Central and Smith's Motion to Dismiss be GRANTED.

**DATED** this 25th day of July, 2025.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL**