# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| KEVIN PRATT and MARLESIA PRATT,<br><br>    Plaintiffs,<br><br>v.<br><br>SOUTH CENTRAL RECOVERY, LLC, et al.,<br><br>    Defendants. | No. 2:24-cv-02484-SHL-cgc |

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND DISMISSING COMPLAINT

Plaintiffs Kevin Pratt and Marlesia Pratt filed a pro se complaint alleging violations of the Fair Debt Collections Practices Act, the Fair Credit Reporting Act, and the Fourth and Fifth Amendments. (ECF No. 1.) On January 20, 2025, Defendants filed a motion to dismiss the complaint, arguing that venue is improper under Federal Rule of Civil Procedure 12(b)(3) and Plaintiffs failed to state a claim under Rule 12(b)(6). (See generally ECF Nos. 18, 19.) Plaintiffs never substantively responded to the motion, but they sought leave to amend their complaint on March 19.[1] (See ECF No. 25.) However, Plaintiffs failed to attach their proposed amendment to the motion, failed to identify with any specificity the allegations they wish to add, and failed to address any arguments raised in Defendants' motion to dismiss. (See id.)

In her report and recommendation, Magistrate Judge Claxton concluded that Plaintiffs failed to plead venue, failed to state a claim, and failed to demonstrate why they should be given

---

[1] On March 5, Magistrate Judge Claxton ordered Plaintiffs to show cause by March 19 for their failure to respond to the motion. (ECF No. 24 at PageID 188.) Judge Claxton warned Plaintiffs that their continued silence would result in a recommendation for dismissal. (ECF No. 24 at PageID 189.)

leave to amend. (See ECF No. 27.) The R&R therefore recommends that the motion to dismiss be granted in its entirety, the motion for leave be denied, and the complaint be dismissed. (Id. at PageID 214.) Because this Court agrees that Plaintiffs failed to state a claim and failed to show how an amendment would cure the identified deficiencies, the R&R is **ADOPTED IN PART**. However, because Plaintiffs did plead one passing reference that would support venue in this District, the Court does not adopt that portion of the R&R.

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Plaintiffs' deadline to object to the R&R was August 8 (ECF No. 27 at PageID 214), and they have not filed any objections. Thus, the Court reviews the R&R for clear error.

The R&R first addresses Defendants' argument that Plaintiffs failed to plead venue. Venue is proper in the district (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events giving rise to the claim occurred; and (3) where any defendant may be found, if there is no other district in which the action may be brought. (ECF No. 27 at PageID 208 (citing 28 U.S.C. § 1391(b)).) As the R&R correctly identifies, Plaintiffs bear the burden of establishing that venue is proper here, yet they failed to substantively respond to Defendants' motion and the allegations in the complaint are sparse. (Id. (citing Gone to the Beach, LLC v. Choicepoint Servs., Inc., 434 F. Supp. 2d 534, 536–37 (W.D.

2

Tenn. 2006)).)  The R&R concluded that Plaintiffs failed to plead proper venue because they do not identify where all Defendants reside, where the repossession occurred, or where Defendants took the vehicle after they repossessed it.  (Id. at PageID 208–09.)  However, although it is buried in the complaint, Plaintiffs pleaded that the vehicle was repossessed in the Western District of Tennessee, so the Court finds that there are sufficient facts to support a finding that venue is proper here.

Courts "liberally" construe a pro se plaintiff's complaint, which "must be held to less stringent standards than formal pleadings drafted by lawyers" regardless of how "inartfully pleaded" it is.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Plaintiffs' complaint may be inartful, but they do allege that Defendants repossessed their vehicle from their "place of abode" (ECF No. 1 at ¶ 61), and they state that they reside in the Western District of Tennessee (id. at ¶¶ 1, 2).[2]  Because this suit arises out of the repossession, Plaintiffs pleaded sufficient facts to establish that a substantial portion of the events giving rise to this action occurred in this District.  Thus, the Court declines to adopt the R&R's recommendation to dismiss the complaint for improper venue.

However, the R&R found that, even if venue were proper, the complaint fails to state a claim.  (Id. at PageID 209–214.)  Plaintiffs' § 1983 claims are the easiest to address.  Because none of Defendants are state actors, and because Plaintiffs have not alleged any facts to fairly attribute Defendants' private actions to the state, the R&R correctly recommends dismissal of Plaintiffs' claims under the Fourth and Fifth Amendment.  (Id. at PageID 213–14.)  There being no clear error, the Court agrees.

---

[2] Plaintiffs also attach as an exhibit a letter that they sent to Defendants, which specifies their home address in Memphis.  (See ECF No. 1-12 at PageID 39.)

3

Plaintiffs' allegations under the FDCPA and FCRA are similarly deficient. First, to state a claim under the FDCPA, Plaintiffs must allege that Defendants are debt collectors within the meaning of the statute. (Id. at PageID 210–11 (citing 15 U.S.C. § 1692(e)).) The R&R found that, despite Plaintiffs' conclusory allegations to that effect, the complaint does not contain any factual allegations to show that Defendants' principal purpose is to collect debts. (Id. at PageID 211.) Instead, Plaintiffs allege that Defendants are in the business of towing and repossession. (Id.) But, as the R&R points out, repossession agencies explicitly do not qualify as debt collectors under the FDCPA "except for purposes of Section 1692f(6)." (Id. (citing Montgomery v. Huntington Bank, 346 F.3d 693, 699 (6th Cir. 2003)).) Thus, the R&R reasons, and this Court agrees, Plaintiffs cannot state a claim against Defendants under any provision of the FDCPA except, possibly, § 1692f.

To state an FDCPA claim under § 1692f, Plaintiffs must allege that Defendants repossessed their vehicle despite having "no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A). However, in the complaint, Plaintiffs do not take issue with the fact of repossession. As the R&R identifies, Plaintiffs only take issue with the manner of it. (ECF No. 27 at PageID 211.) They solely seek relief based on the "difficulties that Plaintiffs had in retrieving the property after it had been repossessed." (ECF No. 27 at PageID 211.) While Plaintiffs allege that Defendants "illegally" seized their vehicle, they do not state that the seizure was illegal because Defendants had "no present right to possession," as required to state a claim under § 1692f(6)(A). Instead, Plaintiffs allege that the seizure was illegal because it occurred outside of Defendants' advertised business hours. (ECF No. 1 at ¶ 61.) The R&R thus correctly found that Plaintiffs' failure to plead that Defendants had no right to possession of the property is fatal to their § 1692f(6)(a) claim. And

4

because Defendants do not qualify as debt collectors under any provision of the FDCPA except § 1692f(6)(a), and Plaintiffs failed to plead a claim under § 1692f(6)(a), they failed to state a claim under the FDCPA.

Plaintiffs' claims under the FCRA fail for the same lack of specificity.  (See ECF No. 27 at PageID 212–13.)  They allege that Defendants Aaron Scott Smith[3] and South Central Recovery, LLC "knowingly and willfully obtained" their credit information from a credit reporting agency "under false pretenses," and then they shared that information "under false pretenses" with Defendants Mickie Winn and M&M Towing and Recovery, LLC, in violation of 15 U.S.C. §§ 1681q and 1681r.  (ECF No. 1 at ¶ 67.)  As the R&R recognizes, these conclusory allegations represent the entirety of Plaintiffs' FCRA claims, and they are insufficient to state those claims.  (ECF No. 27 at PageID 213.)

The FCRA prevents "any officer or employee of a consumer reporting agency" from knowingly and willfully providing "information concerning an individual from the agency's files to a person not authorized to receive that information."  15 U.S.C. § 1681r.  Although Plaintiffs allege that Defendants violated this section of the FCRA, they do not allege that Defendants are "officers" or "employees" of a "consumer reporting agency," as that term is defined by the statute.  This is fatal to Plaintiffs' § 1681r claim.

To show that Defendants obtained their credit reports in violation of § 1681q, Plaintiffs must plead that (1) "there was a 'consumer report' within the meaning of the [FCRA]," (2) Defendants "used or obtained it" from a consumer reporting agency, and (3) they "did so without a permissible statutory purpose."  McFarland v. Bob Saks Toyota, Inc., 466 F. Supp. 2d 855, 867

---

[3] Defendants assert that Plaintiffs improperly named Anthony Scott Smith as Aaron Scott Smith in the complaint.  (ECF No. 27 at PageID 202 n.1.)  Because Plaintiffs have not corrected this deficiency, the R&R refers to Smith as Aaron, and this Court does the same.

(E.D. Mich. 2006) (citing Phillips v. Grendahl, 312 F.3d 357, 364 (8th Cir. 2002)). Plaintiffs allege that Winn and M&M Towing obtained their information from Smith and South Central, not a consumer reporting agency. Thus, Plaintiffs cannot state a § 1681q claim against Winn and M&M Towing.

Moreover, Plaintiffs do not allege that Smith and South Central obtained their consumer report as defined by the FCRA—they generally allege that Smith and South Central obtained "information on a consumer from a consumer reporting agency." (See ECF No. 1 at ¶ 67). At different times, Plaintiffs describe the subject information as "private personal information" (id. at ¶ 16) and "information concerning the plaintiffs from the [consumer reporting] agency's files" (id. at ¶ 24). But Plaintiffs never allege that the information at issue qualified as a consumer report under the FCRA because it concerned their "credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living." See 15 U.S.C. 1681a(d)(1). Indeed, they do not describe the information at all.

Even if the information at issue did qualify as a consumer report within the meaning of the FCRA, Plaintiffs do not allege how Defendants obtained the report under false pretenses or which consumer reporting agency they allegedly obtained it from. As the R&R identifies, "Plaintiffs do not allege that their vehicle was not lawfully subject to repossession," which includes "the sharing of information that repossessions necessarily require." (ECF No. 27 at PageID 213.) Thus, the R&R finds that Plaintiffs failed to state a claim under the FCRA.

As described above, the Court reviewed the R&R in its entirety for clear error. While the Court declines to adopt the R&R's recommendation to dismiss for improper venue, the R&R correctly found that Plaintiffs' grievances with Defendants were not sufficiently pleaded to state claims for relief under Fourth and Fifth Amendment, the FDCPA, or the FCRA. (Id. at PageID

6

213–14.) Because Plaintiffs' motion for leave to amend fails to identify any of their proposed amendments or how those amendments would cure the identified deficiencies, and because they failed to attach their proposed amended complaint in violation of Local Rule 15.1(a), the R&R also properly found that the motion to amend should be denied.

Thus, the R&R is **ADOPTED IN PART**. Plaintiffs' motion for leave to amend is **DENIED** and Defendants' motion to dismiss is **GRANTED IN PART**. Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**IT IS SO ORDERED,** this 25th day of August, 2025.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE